DARYOUSH TOOFANIAN, ESQ.
BAR NO. 24039801
RAD LAW FIRM
8001 LBJ FWY, SUITE 300
DALLAS, TEXAS 75251
PH: 972-661-1111
FAX: 972-661-3537

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IIESHA LATIMORE<br>    PLAINTIFF,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.<br>    DEFENDANT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>4:23-CV-298-Y |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE MEANS:**

COMES NOW, **IIESHA LATIMORE**, Plaintiff, complaining of and against **HOME DEPOT U.S.A., INC.,** Defendant, for cause of action would respectfully show the following:

### I. PARTIES AND SERVICE

1.1     Plaintiff, IIESHA LATIMORE, is an individual who resides in Tarrant County, Texas.

1.2     Defendant HOME DEPOT U.S.A., INC., has been served with process and entered an appearance in this case.

### II. JURISDICTION AND VENUE (Procedural)

2.1     This matter was filed in the Tarrant County, Texas District Courts because all of the events giving rise to the cause of action occurred in Tarrant County, Texas.  Defendant removed the case to Federal District Court, citing the diversity of the parties and an amount in controversy which exceeds $75,000.  Plaintiff does not dispute the allegations supporting Defendant's removal.

### III. AGENCY AND RESPONDEAT SUPERIOR

3.1     At, during, and/or before the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant occurred within the scope of the actual or apparent authority of such person on behalf of said Defendant.

3.2     Said Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

3.3     At, during, and before the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendant occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed.

3.4     Defendant is therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of <u>respondeat superior</u>.

### IV. FACTS

4.1     At all times material hereto, Defendant was the possessor in control of the premises known as Home Depot Store #541 located at 4611 S Cooper St, Arlington, Texas where Plaintiff was injured. While in the course and scope of her employment with Defendant, Plaintiff and a co-worker were lifting a box that contained a heavy commode. The co-worker did not position himself correctly for the lift and caused the weight of the heavy box to shift to Plaintiff. The incident caused the injuries complained of herein.

4.2     At the time of the incident complained herein, Plaintiff's co-worker was sick, and unable to do the tasks required of him in a safe manner. Nonetheless, he proceeded and thereby put Plaintiff at a great risk of harm.

## V. DEFENDANT'S NON-SUBSCRIBER STATUS

5.1    At the time of Plaintiff's July 1, 2021 on the job injury, Defendant was a non-subscribers as defined by The Texas Workers' Compensation Act. TEX. LABOR CODE § 401.001.

## VI. LIABILITY

6.1    In this petition when any allegation is made, it is made in addition to and in the alternative to every other allegation contained herein.

### EMPLOYER LIABILITY -- NEGLIGENCE

6.2    Defendant had a duty to exercise ordinary care in providing a safe work place, to instruct or train its agents, servants, and employees to maintain a hazard free environment, and give an adequate warning of any workplace dangers and failed to do so. Defendant was negligent in at least the following respects:

    A.    Failing to provide a safe work environment;

    B.    Failing to provide safe work equipment (adequate instrumentalities);

    C.    Failing to provide Plaintiff adequate support and attendant equipment;

    D.    Failing to provide proper safety instructions and training to employees;

    E.    Failing to adequately warn and caution Plaintiff of the unreasonable dangers and risks of harm to which she was exposed;

    F.    Dangerously shifting the heavy load onto Plaintiff due to losing a grip on the load.

### PROXIMATE CAUSE

6.3    Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VII. DAMAGES FOR PLAINTIFF, IIESHA LATIMORE

7.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff, Iiesha Latimore was caused to suffer grievous bodily injuries, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

7.2     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Iiesha Latimore has incurred the following damages:

   A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Iiesha Latimore for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Texas;

   B.   Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

   C.   Physical pain and suffering in the past;

   D.   Mental anguish in the past;

   E.   Physical pain and suffering in the future;

   F.   Mental anguish in the future;

   G.   Physical impairment in the past;

   H.   Physical impairment which, in all reasonable probability, will be suffered in the future;

   I.   Loss of earning capacity which will, in all probability, be incurred in the future;

   J.   Disfigurement in the past;

   K.   Disfigurement in the future; and

   L.   Cost of medical monitoring and prevention in the future.

7.3     By reason of the above, Plaintiff, Iiesha Latimore has suffered losses and damages

in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Iiesha Latimore, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages, exemplary damages, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,
**RAD LAW FIRM**

BY: _/s/ Daryoush Toofanian_____
DARYOUSH TOOFANIAN
State Bar No. 24039801
8001 LBJ Freeway, Suite 300
Dallas, Texas 75251
Main Phone (972) 661-1111
Direct Fax (972) 354-5655
E-service: efileDT@radlawfirm.com
dtoofanian@radlawfirm.com (communications only)
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that this document was delivered to all counsel of record by the Court's ecf system on May 1, 2023.

/s/ Daryoush Toofanian_____
DARYOUSH TOOFANIAN